IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60246
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVAN DOSS, JR.; EVAN DOSS, JR., CORP.,

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CR-5-1-2
- - - - - - - - - -
June 30, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Evan Doss, Jr., and the Evan Doss, Jr., Corporation appeal from their convictions for conspiracy to commit bankruptcy fraud (both defendants), concealment of assets (Evan Doss, Jr., Corporation only), and two counts of fraudulent transfer of assets (Evan Doss, Jr. only) in violation of 18 U.S.C. §§ 152(1), 152(7), and 371. The defendants argue that: the evidence was insufficient to support the conspiracy convictions, the district court abused its discretion by denying their motion for the appointment of an expert witness, the district court abused its discretion by

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allowing the introduction of evidence concerning Doss's prior convictions and other bad acts, the district court erred in its calculation of the amount of the loss used for sentencing purposes, and the district court erred by failing to instruct the jury with regard to Doss's good-faith defense. We have reviewed the record and find no reversible error. The evidence was sufficient to support the defendants' conspiracy convictions. See United States v. Fletcher, 121 F.3d 187, 196 (5th Cir.), cert. denied, 118 S. Ct. 640 (1997). The district court did not abuse its discretion by denying the defendants' motion for an expert witness. See United States v. Castro, 15 F.3d 417, 421-22 (5th Cir. 1994); see also United States v. Gadison, 8 F.3d 186, 191 (5th Cir. 1993) (defendant must demonstrate with specificity why services under 18 U.S.C. § 3006A(e)(1) are required). The district court did not abuse its discretion by permitting cross-examination of Doss about his prior conviction without first conducting a balancing test, see United States v. Preston, 608 F.2d 626, 638 n.15 (5th Cir. 1979), or by permitting cross-examination of him about an earlier civil lawsuit and the corporation's failure to file income tax returns. Based upon the information contained in the PSR and the testimony at the sentencing hearing, the district court did not clearly err by using $122,117.45 as the amount of the loss for sentencing purposes. See United States v. Wimbish, 980 F.2d 312, 313 (5th Cir. 1992). Finally, the district court did not abuse its discretion by refusing to give a good faith jury instruction. See United States v. Correa-Ventura, 6 F.3d 1070, 1076 (5th Cir. 1993). Accordingly, the judgments of the district court are AFFIRMED.